IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV55-MU

RAYMOND E. McCARTER,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　)　　　ORDER
　　　　　　　　　　　　　　　　　　)
LOWE'S HOME CENTERS, INC.,　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　　　)
_____)

This matter is before the court upon Defendant Lowe's Home Centers, Inc. ("Lowe's) Motion for Summary Judgment, filed January 31, 2005. The Plaintiff has responded to the motion and the Defendant has filed a reply brief. Thus, this matter is now ripe for consideration by the court.

## FACTS

The Plaintiff, Raymond E. McCarter, initiated this action against his former employer, Lowe's, claiming that Lowe's terminated his employment because of his religion. The Plaintiff is a member of the Assembly of God denomination and he believes that the Bible requires that he refrain from paid work on Sundays. The Plaintiff alleges that he was denied reasonable accommodation for his refusal to work on Sundays

The Plaintiff worked as a "paint pro" in the Paint Department of the Lowe's Franklin Square store from 1998 until February 8, 2002. There were similar "pro" positions in the

1

hardware, plumbing and electrical departments of Lowe's. All pros worked a regular Monday through Friday schedule, which is how the paint pro position was described to the Plaintiff. In late 2001, Lowe's decided to eliminate "pro" positions at all of its stores. All pros were offered a position as a Customer Service Associate ("CSA") at no loss in pay.

In late January 2002, the Store Manager of the Lowe's Franklin Square store, Hoyle Bradley Alexander, III ("Alexander"), notified the Plaintiff that the pro positions were being eliminated but that the Plaintiff was being offered a CSA position in the paint department, beginning February 15, 2002. Alexander gave the Plaintiff a copy of the CSA job description and explained that he would need to sign the job description to accept the offer. Alexander also told the Plaintiff that he would be paid the same rate as his existing position. The CSA job description stated that a CSA "works a flexible schedule" and "is expected to be available for work any day of the week." The Plaintiff refused to sign the job description because he could not work Sundays or Wednesday nights. The Plaintiff alleges that Alexander told the Plaintiff that if he did not sign, he would not have a job.

At this point, the Plaintiff and Defendant have presented contrasting evidence. The Plaintiff contends that he told Alexander about his religious beliefs against Sunday and Wednesday night work, and that Alexander told him, "if you don't work on Sundays, you don't have a job." (McCarter Deposition at 76). The Plaintiff also contends that he discussed his concerns with the paint department manager, Amy Coon ("Coon"), and she told the Plaintiff that she would discuss the matter with Alexander. Coon stated that she and Alexander were aware of the Plaintiff's religious beliefs and that she told Alexander that she would work for the Plaintiff on Sundays and Wednesday nights if the company could not otherwise cover his shift. (Coon

Declaration ¶¶ 10-11). Coon also told Alexander that the Plaintiff would be available to work on Saturdays, which had not been the case during the previous three years. (Id. at ¶¶ 10-11). Alexander denies discussing accommodation with Coon or being told that the Plaintiff had a religious objection to working on Sundays. (Alexander Deposition at 36-27). Alexander contends that the Plaintiff objected to the new job description and the first time he learned that the Plaintiff claimed to have asked for religious accommodation was after the Plaintiff no longer worked at Lowe's. (Id. at 25-27).

It was agreed upon by the Plaintiff and Alexander that the Plaintiff's last day would be February 8, 2002, and Alexander noted the Plaintiff's departure in Lowe's personnel records as a voluntary termination.

The Plaintiff alleges that before leaving Lowe's he called the office of Jerry Ward, Lowe's Regional Human Resources Director, to discuss his Sunday work concerns. The Plaintiff was unable to reach Ward. The Plaintiff logged a complaint on the employee Alert Line about how the news of the job elimination had been handled. As a result of that complaint, Randall Parsons, an area HR manager for the Franklin Square store, called the Plaintiff on February 8, 2002.

The Plaintiff alleges that his situation is similar to Earl Combs ("Combs"), a previous employee of Lowe's. Combs was a Plumbing Pro at the Franklin Square store. His religious beliefs made him unavailable for work on Sundays and Wednesday nights. Combs' employment with Lowe's also ended after he was notified by Alexander that the pro positions were being eliminated and he would have to be available for work any day of the week. In June 2002, Lowe's reinstated Combs' employment, after Combs filed a claim with the EEOC. Lowe's

agreed to accommodate Combs' religious beliefs in the Plumbing Department. The Plumbing Department was the same size as the Paint Department.

## ARGUMENT

### A. Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e); Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986). Summary judgment requires a determination of the sufficiency of the evidence, not a weighing of the evidence. Anderson v. Liberty Lobby, 477 U.S. 242 (1986). The party opposing the motion may not rest on the pleadings but instead must provide evidence or point to evidence already on the record that would be sufficient to support a jury verdict in its favor. Id. at 248. The mere existence of a scintilla of evidence in support of plaintiff's position is not enough to survive summary judgment; instead, there must be sufficient evidence for a jury to reasonably find in plaintiff's favor. Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, the movant may be entitled to summary judgment merely by a showing that the other side will not be able to prove an essential element of its case with respect to which it has the burden of proof. Celotex, 477 U.S. at 322-23.

The Plaintiff alleges that he was denied reasonable accommodation for his refusal to work on Sundays, due to his religious beliefs, in violation of Title VII. The Plaintiff contends that there is an issue of fact as to whether accommodating his religious beliefs would create an undue hardship. Additionally, the Plaintiff contends that there is an issue of fact regarding the nature of

4

the termination of his employment. The Court will address each of these claims below.

**B. Undue Hardship**

The applicable statutory provisions are Section 703(a)(1) of the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e-2(a)(1), which makes it an unlawful employment practice for an employer to discriminate against an employee on the bases of his or her religion, and the 1972 amendment which defines "religion" as follows:

> (j) The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

Id. § 2000e(j).

In a claim of undue hardship, the defendant bears the burden of proof. EEOC v. Ithaca Industries, Inc., 849 F.2d 116 (4th Cir. 1988). In Ithaca, a case factually similar to the one at bar, the Fourth Circuit held that the Civil Rights Act of 1964 requires that "an employer, short of undue hardship, make reasonable accommodations to the religious needs of its employees and the burden is on the employer to offer this accommodation." Id. at 118. Ithaca involved a plaintiff who was a member of the Church of God and believed that Sunday work was a violation of his religious beliefs. At the time of his initial employment, the plaintiff notified his supervisors and other Ithaca officials of his religious practices and the plaintiff was told that Sunday work was voluntary. Approximately five years after his initial date of employment, Ithaca began scheduling the plaintiff for Sunday work. The Plaintiff refused to work on Sundays and received no reprimand from Ithaca until he was discharged for his inability to work on

5

Sundays because of his religious beliefs. The district court granted summary judgment for Ithaca and the Fourth Circuit reversed, concluding that Ithaca violated the Civil Rights Act by discriminating against the employee. The court reasoned that Ithaca made no effort to accommodate the employee by any of the methods suggested by the guidelines in the regulations.

In support of its motion, Lowe's argues that accommodation would have posed an undue hardship. Lowe's relies on Trans World Airlines v. Hardison, 432 U.S. 63 (1977), wherein the court explained that it is an "undue hardship" for an employer "to bear more than a de minimis cost" in order to insure that an employee is not required to work on his or her Sabbath. Lowe's asserts that the heart of its undue hardship defense is the constraints on Lowe's ability to guarantee that an employee will never work on Sundays without having to pay extra overtime or impose on other employees or significantly impair its business operations. Moreover, Lowe's argues that the Plaintiff asked for a guarantee that he would not be required to work on Sundays before he would accept the new position and this also created an undue hardship on Lowe's.

One of the problems with Lowe's assertions is that it has presented no evidence that it made *any effort* to accommodate the Plaintiff's religious practices. Similar to the employer in Ithaca, Lowe's presented no evidence that it made an effort to accommodate the Plaintiff by any of the methods suggested in the EEOC regulations, 29 C.F.R. § 1605.2(d), for accommodation, such as voluntary substitutes and swaps. While Lowe's relies heavily on cases from other circuits, Ithaca remains the controlling authority for the case at bar.

The Plaintiff has presented evidence that accommodation would not have posed an undue hardship on Lowe's. Coon, manager of the Paint Department, stated in her Declaration that she voluntarily agreed to work for the Plaintiff on Sundays and Wednesday nights. (Coon

Declaration ¶¶ 10-11). Additionally, the Plaintiff presented evidence that Lowe's was able to accommodate another employee, Earl Combs, in a department of exactly the same size as the paint department.

Because Lowe's presented no evidence that it made an effort to accommodate the Plaintiff and because the Plaintiff has raised an issue of material fact as to undue hardship, the court finds that summary judgment is not appropriate.

### C. The Nature of Plaintiff's Termination

A prima facie case for a discriminatory discharge in the context of an alleged failure to accommodate requires the plaintiff to prove: (1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; and (3) he or she was disciplined for failure to comply with the conflicting employment requirement. Chalmers v. Tulon Co. of Richmond, 101 F.3d 1-12, 1019 (4th Cir. 1996). Lowe's contends that it is entitled to summary judgment because the Plaintiff was not discharged, but rather he voluntarily resigned.

Conversely, the Plaintiff argues that he was terminated. The Plaintiff has presented evidence that Lowe's Store Manager, Alexander, told the Plaintiff that if he did not sign the job description and did not work on Sundays, he did not have a job. (McCarter Deposition at 75-76). Alexander also told the Plaintiff, "Well, you got to do what the contract says...if you can't sign the contract, you don't work here." (Id. at 81). The Plaintiff argues that he refused to sign the job description because the agreement required that he falsely state that he was acceding to the conditions specified. (Id. at 99). Further, the Plaintiff attempted to remain on the job longer and Alexander told him that there was no need for him to stay. (Id. at 85-86). In light of the

7

evidence presented by the Plaintiff, the court finds that the Plaintiff has raised a genuine issue of material fact as to whether he was terminated.

The Plaintiff argues, in the alternative, that he was constructively discharged by Lowe's. In order to establish constructive discharge, a plaintiff must show that the employer deliberately made his working conditions intolerable in an effort to induce him to quit. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1353-54 (4th Cir. 1995). The Plaintiff relies on Johnson v. Shalala, 991 F.2d 126, 132 (4th Cir. 1993), wherein the court recognized that a complete failure to accommodate an employee may be sufficient evidence to show deliberateness required for constructive discharge. The Plaintiff argues that he was constructively discharged because Lowe's management expressly denied accommodation and insisted that he sign an agreement that was contrary to his religious beliefs and practices.

The main issue before the court is whether the Plaintiff's working conditions were so intolerable that a reasonable person would have resigned. The Plaintiff had two options. Either the Plaintiff could sign the employment agreement, wherein he knew that if called upon to work on Sundays, he would violate the agreement and subject himself to disciplinary action, or not sign the agreement and endure the consequences. Placed in such an untenable position, a jury could find that a reasonable person would have resigned. Accordingly, the court concludes that the Plaintiff has raised a genuine issue of material fact as to whether he was constructively discharged.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is hereby DENIED;

This 29th day of July, 2005.

Graham C. Mullen
Chief Judge
United States District Court